IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>ANTHONY EDGAR JEREZ,<br><br>   Defendant. | ORDER<br><br>Case No. 2:01CR385DAK |

On July 13, 2009, Defendant Anthony Jerez filed a pro se "Motion Pursuant to Title 18 U.S.C. § 3572, To Schedule Restitution Payments For A Person Serving A Term of Imprisonment in the Federal Bureau of Prisons."  Defendant's motion asks this court to issue an order altering his restitution and allowing him to make $25.00 quarterly payments or rescinding payments until defendant's release from his supervised release.

On December 27, 2001, the court entered Defendant's Judgment in a Criminal Case.  The Judgment sentenced Defendant to 37 months as to Count 4 of the Indictment (armed robbery and aiding and abetting) and 84 months as to Count 5 of the Indictment (brandishing a firearm during a crime and aiding and abetting), with each to run consecutively.  Upon release of confinement, Defendant was ordered to serve 60 months on supervised release.  The court also required Defendant to pay restitution in the amount of $35,409.00, to be paid jointly and severally with co-defendant Barry Echols at a minimum rate of $200 per month, or as otherwise directed by the

United States Probation office. The court found that no interest payments were required. The court also imposed a $200 special assessment that was due forthwith. Defendant remains incarcerated with the BOP at the time of this motion.

In his motion, Defendant states that he has "been making the payments of $50.00 monthly under a payment plan established by the Bureau of Prisons ("BOP"). Defendant states that the BOP wants him to enter a new agreement or he will lose incentives such as phone calls, commissary, etc. Defendant states that he earns $15.00 per month and will not be receiving support from his family due to the loss of employment suffered by his supporting family members. Defendant claims that when he notified the BOP that he would no longer be receiving financial support from his family, he was threatened with being placed in the "Inmate Financial Responsibility Program Refusal Status (IFRPRS)."

Defendant brings his motion under 18 U.S.C. § 3572. Section 3572 discusses fines and restitution. The court did not impose any fine in this case. Restitution is generally governed by 18 U.S.C. § 3556, which states that a court "shall order restitution in accordance with section 3663A, and may order restitution in accordance with section 3663. The procedures under section 3664 shall apply to all orders of restitution under this section." Section 3556 does not mention Section 3572. However, the provisions do not appear to be in conflict.

In any event, the only provisions allowing for a court to alter a restitution award is 18 U.S.C. § 3664(k). Under this section, the court may adjust the payment schedule "as the interests of justice require." *Id.* This section, however, requires a material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. *Id.*

In *United States v. Coleman*, 276 Fed. Appx. 766 (10th Cir. April 25, 2008), the Tenth Circuit upheld a denial of a defendant's request to cease restitution payments. In *Coleman*, the defendant's restitution order did not itself establish a schedule for payment. *Id.* at 767. He made payments pursuant to an agreement with the BOP under the Inmate Responsibility Program ("IRFP"). *Id.* The court noted that non-participation in the program can lead to the loss of privileges, and the defendant's main concern was being placed on refusal status. *Id.* The defendant alleged that kidney disease left him unable to earn money to make any further payments while he was incarcerated. *Id.* The district court found that it lacked authority to grant an eight-year suspension of all payments toward restitution. *Id.* The court of appeals stated that until the defendant "can show that he has raised [his] concerns to the BOP and received an unfavorable response, his concerns will remain within the realm of speculation and the district court's failure to grant him relief does not represent an abuse of discretion." *Id.* at 768.

Defendant, in this case, states that he has not filed any kind of grievance procedure or applied for administrative remedies with the BOP "because doing so would be futile." According to the Tenth Circuit's ruling in *Coleman*, however, until the claims are raised with the BOP and an unfavorable decision is received, Defendant's concerns remain in the realm of speculation.

Defendant states that the BOP's tactics in this case are illegal according to a District of Oregon case entitled *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. 2006). In *Soroka*, the sentencing court did not establish a specific schedule of restitution payments to be collected by the BOP while the defendant was incarcerated. *Id.* at 1098. Similarly, the Tenth Circuit, in

*United States v. Overholt*, 307 F.3d 1231 (10th Cir. 2002), disapproved of a district court's restitution order which stated that restitution should be paid in full immediately and, any amounts that could not be paid immediately, should be paid while in custody through the BOP's IFRP and on supervised release. *Id.* at 1255. The Tenth Circuit held that the court had to set the payment schedule. *Id.* at 1256.

In this case, the court imposed a $200 per month payment schedule, or as otherwise directed by the United States Probation Office. According to Defendant's letter, the BOP has been having him make payments of $50.00 per month. This amount is far less than the court's imposed schedule. Under the court's order, the BOP appears to be within its authority to establish a payment schedule under the IFRP as long as the payment does not exceed the court's imposed $200 per month schedule.

The Tenth Circuit has stated that "[e]very court to consider a challenge to the IFRP's constitutionality has upheld it." *Davis v. Willey*, 260 Fed. Appx. 66, 68 (10th Cir. Jan. 2, 2008). "The IRFP, set forth in 28 C.F.R. §§ 545.10 and 545.11, requires participating inmates to commit a percentage of their prison employment earnings toward the payment of court-ordered restitution. The BOP sets payments amounts based on the inmate's financial profile, including 'the inmates specific obligations, institution resources, and community resources.'" *Davis*, 260 Fed. Appx. at 68 (quoting 28 C.F.R. § 545.11(b)).

The Tenth Circuit stated that while the defendant's "refusal to participate in the IRFP is not without consequences, . . . the benefits that can be denied are not constitutionally guaranteed." *Id.* at 69. "Moreover, mere inducements–such as the BOP's threat to alter [the

defendant's] place of confinement–without more, 'do not infringe on a prisoner's protected liberty interest." *Id.* (citation omitted). The court concluded that "the BOP is thus within its constitutional authority to establish and enforce payment amounts [the defendant] must make towards the court-ordered special assessment and restitution." *Id.*

Defendant's motion does not state what payment amounts the BOP is seeking in its new agreement with him. The court, therefore, cannot rule on the propriety of the agreement. The court does not have the information necessary to order relief to Defendant. Although he states that he is no longer getting assistance from family, unlike the BOP, the court has no record of Defendant's finances. Nor has Defendant provided the court with documents demonstrating his financial situation. Without more information, the court is not in a position to find that a material change in circumstances has occurred or to change the schedule already in place. Accordingly, Defendant's motion is DENIED.

DATED this 20th day of July, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge